IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EBELE IKEZOGWO | : |
| | : |
| | : NO. 24- |
| v. | : |
| | : |
| OMOLADE ADEBOWALE FATIREGUN | : |
| | : |

## PETITION FOR RETURN OF CHILD TO PETITIONER AND PETITION FOR IMMEDIATE ISSUANCE OF SHOW CAUSE ORDER TO RESPONDENT

The Convention on the Civil Aspects of International Child Abduction, done at the Hague On October 25, 1980; International Child Abduction Remedies Act, 42 U.S.C. 11601 et seq.

### I. Preamble

1.  This Petition is brought pursuant to The Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (hereinafter the "Convention"), a copy of which is attached hereto as Exhibit "A", and the International Child Abduction Remedies Act (hereinafter "ICARA"). The Convention came into effect in the United States of America on July 1, 1988 and was also ratified between the United States of America and the United Kingdom on July 1, 1988.

2.  The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

## II. Jurisdiction

3. This Court has jurisdiction pursuant to 42 U.S.C. 11603 (1995) and because this case involves the removal and retention of a child under the age of sixteen from his habitual residence of the United Kingdom to the United States of America.

## III. Status of Petitioner and Child

4. The Petitioner, Ebele Ikezogwo ("Mother") and the Respondent, Omolade Adebowale Fatiregun ("Father") are the parents of one child, O.I.F., date of birth, ▮▮▮▮ ▮▮▮▮ ("the child").

5. The child is eleven (11) years of age. The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of the rights of custody of the Petitioner, which the Petitioner had been exercising at the time of the wrongful removal of the child.

6. At the time of the wrongful removal (as specifically set forth in Part IV below), Mother was actually exercising custody rights within the meaning of Articles Three and Five of the Convention, in that she is the mother of the child and has exercised custody rights over her child since birth. Furthermore, the child has been a habitual resident of the United Kingdom within the meaning of Article 3 of the Convention since 2021 until his wrongful removal from the United Kingdom.

7.  On September 12, 2024, Mother requested the return of the child to the United Kingdom pursuant to her Request for Return on the ICACU application form, a copy of which is attached hereto as Exhibit "B."  The Request for Return has been filed with the United States Department of State and the Central Authority of the United States of America under the Convention.

### IV.  Wrongful Removal and Retention of Child by Respondent

8.  Mother has parental rights under the United Kingdom Child Act 1989.  The removal of the child from the United Kingdom is in violation of this law and is a wrongful removal within the meaning of Article 3 of the Convention.  Since removing the child, Father has wrongfully retained the child in the United States of America.

9.  On July 6, 2024, Father took the child on a vacation to the United States and was set to return the child to the United Kingdom and Mother's custody on July 21, 2024. Thereafter, Father informed Mother that he was going to keep the child for a little longer and that a new return date would be booked.  After several unanswered emails, text messages and telephone calls by Mother to Father throughout the month of August to ascertain the return date, on September 3, 2024, Father informed Mother on the telephone that he was not going to return the child to Mother's custody and the United Kingdom.

The child is a dual citizen of both the United States of America and the United Kingdom.  The child has never been separated from Mother since his birth.

10.     Mother has never acquiesced or consented to the retention of the child outside of the United Kingdom.  Mother will provide proof at the time of trial evidencing her lack of consent and lack of acquiescence.

### V.  Provisional Remedies

11.     Mother  requests that the Court issue forthwith a show cause order and direct that the order be served immediately on Father and that he be directed to appear with the child promptly before this Court.  Section 5(b) (Provisional Remedies) of ICARA provides, *inter alia*, that, in a proceeding under Section 4(b) for the return of a child, "no court exercising jurisdiction . . . may . . .order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied."  42 U.S.C. Section 11604.  In this case, the State law referred to in Section 5(b) is that of Pennsylvania.  In Pennsylvania, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) is the source for statutory law governing, *inter alia*, the resolution of both domestic and international child custody disputes.  Pa. C.S.A. Section 5401 et. seq. Pennsylvania law addresses the appearance of the parties and the children in such cases in  23 Pa. C.S.A. 5430 of the UCCJEA.  That section authorizes this Court to order the appearance of the children and custodian or custodians together.  Id.  This Court therefore has the authority to order the immediate appearance of Father and the child together before this Court.

12. Mother requests, for the well-being of the child, that she be given immediate access to the child, pending further hearing in this Court.

13. Pending further hearing in this Court, it is requested that this Court issue an immediate order prohibiting the removal of the child from the jurisdiction of this Court, taking into safe keeping all of the child's travel documents and setting an expedited hearing on the Petition for Return of Child to Petitioner.

## VI.  Relief Requested

14. **WHEREFORE**, Petitioner respectfully requests the following relief:

   a. an Order directing that the full legal name of the child be entered into the national police computer system (N.C.I.C.) missing person section;
   b. an Order directing a prompt return of the child to his habitual residence of the United Kingdom;
   c. the issuance of an Order directing that the child, together with Father, be brought into this Court by any United States Marshall, federal officer or police officer;
   d. the issuance of an immediate Order prohibiting the removal of the child from the jurisdiction of this Court;
   e. an Order commanding Respondent, Omolade Adebowale Fatiregun, to appear in this Court with the child to show cause why the child has been kept from his mother;
   f. an Order directing Respondent to pay Petitioner's legal costs and fees; and
   g. any such further relief as justice and its cause may require.

## VII.  Notice of Hearing

15. Pursuant to 42 U.S.C. 11603 ( c), Petitioner and Respondent will be given notice of any hearing in accordance with the UCCJEA.

### VIII.  Fees and Costs Including Transportation Expenses Pursuant to Convention Article 26 and U.S.C. 11607

16. Petitioner has incurred substantial expenses as a result of the wrongful removal and retention of the child by Respondent.  Petitioner will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful removal and retention.

17. Petitioner respectfully requests that this Court award all legal costs and fees incurred to date as required by 42 U.S.C. 11607, reserving jurisdiction over further expenses.

### IX.    Declaration Pursuant to Uniform Child Custody Jurisdiction and Enforcement Act

18. The details regarding Respondent that are required to be provided under the UCCJEA are as follows:

- The present address of Respondent is 2105 -2 Whitpain Hill, Blue Bell, Pennsylvania .
- For the past five years, the child has lived at the following addresses:

    - Flat, 15a High Street, Tunbridge Wells, Kent, UK  TN1 1UT from January 2024 to the present.

    - 38,Timber Court, Grays Essex, UK  RM17 6PW from September 2021 to January 2024.

    - L'immeuble Seydi Djamil, numero 9G, Dakar, Senegal from January 2017 to July 2021.

- 

- Petitioner does not know of any person or institution not a party to the proceedings who has physical custody of the child or claims to have rights of parental responsibilities or legal custody or physical custody of, or visitation or parenting time with, the child.

        Respectfully submitted,

        ASTOR WEISS KAPLAN & MANDEL, LLP

BY: _____
        JULIE A. AUERBACH, ESQUIRE
        Attorney for Petitioner
        Identification No. 65800
        130 N. 18th Street, Suite 1500
        Philadelphia, PA 19103
        Phone (215) 893-4974
        Fax (215) 790-0509

Dated:  October 23, 2024

## **VERIFICATION**

I verify that the statements made in the within pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

DATED: October 23, 2024

_____
EBELE IKEZOGWO

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Julie A. Auerbach, Esquire

Signature: _____

Name: Julie A. Auerbach, Esquire

Attorney No. (if applicable): 65800

Rev. 09/2017